## DETERMINATION OF VALIDITY OF NOMINATION PAPERS.

Court of Appeals for Wood County.

THE STATE OF OHIO, ON RELATION OF THOMAS J. MILLER, v. GEORGE M. BRUBAKER ET AL, AS DEPUTY STATE SUPERVISORS AND INSPECTORS OF ELECTION IN AND FOR WOOD COUNTY.

Decided, October 31, 1913.

*Elections—Authority of Board of Deputy State Supervisors to Determine Validity of Nomination Papers—Sections 4818, 5005 and 5006.*

1. Section 4818, General Code, confers general authority upon deputy state supervisors of elections to pass upon the validity of nominating papers.
2. The filing of written objections with the deputy state supervisors of elections to the validity of nominating papers then in the hands of that board clothes the board with authority to pass upon the validity of such papers, and the jurisdiction of said board in that behalf is in no way affected by the subsequent withdrawal of said objections.

*N. R. Harrington* and *E. M. Fries,* for relator.

*Clyde R. Painter, Benjamin F. James, Datus R. Jones, Rufus B. Moore* and *Earl D. Bloom,* contra.

RICHARDS, J.; KINKADE, J., and CHITTENDEN, J., concur.

Appeal from Court of Common Pleas of Wood County.

This case is pending in this court on appeal, and I will announce briefly the conclusion at which the court has arrived. The case has been submitted on the pleadings and evidence and certain statements of counsel.

It appears from the pleadings and the evidence that the nominating paper on behalf of the Citizens party was filed with the board of deputy state supervisors of election at Bowling Green on August 30th, 1913, and that on the 4th day of September a formal written objection thereto was filed with that board by Rufus B. Moore. Thereafter this written objection which had been filed by Mr. Moore was withdrawn; just the circum-

stances under which it was withdrawn do not appear in the evidence, but it is sufficient for the purposes of this case that it appears from the evidence that the paper was carried away from the office of the deputy state supervisors of election by him. Subsequently other written objections were filed by him to certain nominees named by the Citizens party in the city of Bowling Green, and later the matter came on for hearing before these deputy supervisors of election. They found that the objections which had been filed were well taken and should be sustained, and held that the names of the nominees for the Citizens ticket should not be placed on the ballot to be voted on November 4th of this year.

This action in mandamus was brought immediately thereafter by Mr. Miller as a tax-payer, citizen and resident of the city of Bowling Green, asking an order of the Common Pleas Court of Wood County, in which the petition was filed, that these names be ordered placed on the ballot, including also in his petition the names of four candidates for ward councilmen as well as the candidate for mayor and other city officials.

Our attention has been called to Section 4818 of the General Code and Sections 5005 and 5006 of that code. I will not take the time to read these sections, but it seems from the language of the section first cited that general authority is given to the deputy supervisors of election to pass upon the validity of nomination papers. Section 5005 has in it a provision, in substance, that if written objections are not filed within five days after the nomination papers are filed with that board that they shall be held valid, if they are in apparent conformity with the statutes.

It is contended by counsel for plaintiff that the first written objection that was filed can not be considered because it was withdrawn by the person who filed the same with the board, and that therefore the board was powerless to consider and pass upon the validity of the nominating papers.

We do not think it necessary to decide, and do not decide, whether formal objections in writing must be filed with the board of deputy state supervisors before they have power to pass upon the validity of nominating papers. We think that the first

written objection, which was filed on September 4th, was in and of itself ample to clothe the board with authority to pass upon the validity of the nominating papers which had been filed, if written objections were necessary for that purpose; and, it is clear to this court that it could not be deprived of its jurisdiction or power by the withdrawal of that paper. It is not only reasonable to suppose, but from the facts disclosed in this case it is clear, that many were interested in these proceedings besides Mr. Moore who filed the objections, and he could not deprive the board of jurisdiction by carrying off that paper from the office of the board. To so hold would open the door to fraud. A case might readily be supposed where a person filing the written objections would do so having in his mind the plan of withdrawing them as soon as the five days had elapsed, his scheme being to dissuade others from filing like objections. We hold that power to act was not taken away from the board by the removal of this paper from its office, any more than the powers of a court to rule on a demurrer would be ended by a removal of the demurrer from files of the court. The principle is somewhat similar to a case brought for the contest of a will. If, in such a case, the plaintiff should see fit to wait until the time for other actions of that sort had elapsed and then withdraw his petition, and if he could by so doing deprive others of the right to contest the will, it would result in grave injustice.

Such procedure has been condemned by the Supreme Court in *Bradford* v. *Andrews,* 20 O. S., 208. The court speaking through Welch, J., say on page 220:

"When the jurisdiction of the court has once attached in such a case, I suppose it is not in the power of the petitioner to withdraw the action against the will of the other parties in interest. The status of the parties, as plaintiffs or defendants, is merely nominal. Those named as defendants have a right, equally with the nominal plaintiff, to insist upon a contest. Otherwise, there would be no safety to the defendants who happened to be identified in interest with the plaintiff, except in the commencement of separate similar actions, or the filing of a cross-petition by each. We need not, however, decide this question, for the precaution was taken in the present case to file such cross-petition before the period of limitation had expired or the original petition had been dismissed."

Similar rulings have been made in the federal courts denying the right of petitioners in bankruptcy to withdraw from the proceeding. *In re Bedingfield,* 96 Fed., 190; *In re Cronin,* 98 Fed., 584. See also *State, ex rel Buel,* v. *Joyce et al,* 87 O. S., 126.

The board of deputy state supervisors acted favorably upon the written objections which had been filed by Mr. Moore, and the law seems to have been uniformly held in an unbroken series of decisions in this state that the action of the board under these circumstances is final. Necessarily the power to render a final decision in cases of that kind must be reposed by the General Assembly somewhere and in somebody, and the General Assembly has seen fit to repose that power in the power of deputy state supervisors of elections and if they shall disagree it is provided that the matter shall be referred to the Secretary of State and the decision of that officer is made final by Sections 5006 and 5007, General Code.

On the hearing of this case no fraud was shown nor claimed to have been committed by the board of deputy state supervisors. That board held that the written objections were well taken and sustained them, and this court is without authority to interfere with the conclusion reached by that body.

The announcement which has been made perhaps does not determine the status of certain of the nominees for ward offices, but we fail to see under the showing made in the pleadings and the evidence such a clear right in the relator as would entitle him to the relief as to the ward candidates, and as was state in 87 O. S., 126, before a party is entitled to the relief which is provided by a writ of mandamus the right should clearly appear. We hold that the relator has not made such a showing as entitles him to the relief sought in this case and his petition will therefore be dismissed.